IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01611-BNB

JAIME FREDRICK,

    Applicant,

v.

STATE OF COLORADO,
ADAMS COUNTY SHERIFF OFFICE, and
COLORADO STATE BOARD OF PAROLE,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 6 2010

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant, Jaime Fredrick, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Fredrick, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Application liberally because Mr. Fredrick is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Complaint.

Mr. Fredrick asserts that when he was released from the DOC in October 2006, after serving seventeen months of his eighteen-month sentence and before being released to the community, a parole officer arrested him and detained him at the Adams County Jail for thirty days for a parole violation. Mr. Fredrick contends the thirty-day detention violates the Double Jeopardy Clause. Mr. Fredrick seeks money

damages.

Mr. Fredrick contends that he has completed the sentence he is challenging. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are in *custody* . . . ." **Maleng v. Cook**, 490 U.S. 488, 490 (1989) (per curiam) (quotation omitted); *see also* 28 U.S.C. § 2241(c). Thus, district courts generally do not have jurisdiction to entertain petitions for habeas relief on fully expired sentences. **See Maleng**, 490 U.S. at 490-91.

Furthermore, money damages are not available in a habeas corpus action and must be sought in a civil rights complaint. Nonetheless, even if the Court were to construe Mr. Fredrick's action as a prisoner complaint filed pursuant to 42 U.S.C. § 1983, he may not challenge the validity of his conviction for money damages pursuant to § 1983. **See Heck v. Humphrey**, 512 U.S. 477 (1994). In **Heck**, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. *Id.* at 486-87. Mr. Fredrick has not demonstrated that the sentence he is challenging has been reversed on direct appeal, expunged by executive order, declared invalid or otherwise called into question by some other tribunal and is unable to maintain a § 1983 action. A judgment, therefore, in favor of Mr. Fredrick in a § 1983 action necessarily would imply the invalidity of his state court criminal proceedings and is barred by **Heck**. Furthermore, the rule in **Heck** also applies to claims seeking to

invalidate the results of parole revocation proceedings. See *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation). For the reasons stated above, the Court will dismiss this action. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice.

DATED at Denver, Colorado, this  6th  day of  August , 2010.

BY THE COURT:

 s/Philip A. Brimmer 
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01611-BNB

Jaime Fredrick
Prisoner No. 132648
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/6/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk